# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| SHEILA SCHMITZ and ROBERT SCHMITZ, as Representatives of the Estate of JOANNE SCHMITZ, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br> v. <br><br> SENTRY CREDIT, INC., and MIDLAND FUNDING, LLC, <br><br> Defendants. | Case No.: 17-cv-647 <br><br> **CLASS ACTION COMPLAINT** <br><br> **Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection Practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA") and the Wisconsin Consumer Act, chapter 427, Wisconsin Statutes (the "WCA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337 and 1367. Venue in this District is proper in that Defendants directed their collection efforts into the District.

## PARTIES

3. Plaintiff Sheila Schmitz is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff Robert Schmitz is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

5. Plaintiffs are brother and sister.

6. Plaintiffs are the representatives of the Estate of Joanne Schmitz, who was Plaintiffs' mother. Hereinafter, "Schmitz" or "Plaintiff" shall collectively refer Joanne Schmitz and to Plaintiffs in their representative capacities, unless otherwise noted.

7. Joanne Schmitz passed away on April 30, 2017.

8. Schmitz was a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendants sought to collect from her a debt allegedly incurred for personal, family or household purposes.

9. Schmitz was also a "customer" as defined in the Wisconsin Consumer Act, Wis. Stat. § 421.301(17), in that she engaged in a consumer credit transaction.

10. Defendant Sentry Credit, Inc. ("Sentry") is a debt collection agency with its principal place of business located at 2809 Grand Ave, Everett, WA 98201.

11. Sentry is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

12. Sentry is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Sentry is a debt collector as defined in 15 U.S.C. § 1692a and § 427.103(3), Wis. Stats.

13. Sentry collects debts, allegedly owed Midland Funding, LLC ("Midland").

14. Defendant Midland is a limited liability company with its principal place of business located at 3111 Camino Del Rio North Ste 103, San Diego, CA 92108.

15. Midland is engaged in the business of a collection agency, in that it purchases and receives assignment of consumer debts that are in default at the time Midland acquires them.

16. The FDCPA treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee, and as creditors if it was not. 15 U.S.C. §

2

1692a(6)(F)(iii); *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003), *citing Bailey v. Sec. Nat'l Serving Corp.*, 154 F.3d 384, 387 (7th Cir. 1998); *Whitaker v. Ameritech Corp.*, 129 F.3d 952, 958 (7th Cir. 1998); *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403-04 (3d Cir. 2000); *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106-07 (6th Cir. 1996); *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985).

17. Midland uses third party debt collectors, including Sentry, to collect allegedly defaulted debts that have been assigned to Midland.

18. A company meeting the definition of a "debt collector" under the FDCPA (here, Midland) is vicariously liable for the actions of a second company collecting debts on its behalf. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 325-26 (7th Cir. 2016) (assignees who are "debt collectors" are responsible for the actions of those collecting on their behalf); *citing Pollice*, 225 F.3d at 404-05.

19. Midland, directly or indirectly or both, is a debt collector under the above arrangement and is jointly responsible for Sentry's actions. 15 U.S.C. § 1692a(6).

## FACTS

20. On or about December 15, 2016, Sentry mailed a debt collection letter to Schmitz regarding an alleged debt, allegedly owed to Midland and originally owed to "Comenity Capital Bank" ("Comenity"). A copy of this letter is attached to this complaint as Exhibit A.

21. The alleged debt identified in Exhibit A is an alleged personal credit card account, originally owed to Comenity.

22. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Schmitz inserted by computer.

3

23. Upon information and belief, Exhibit A is a form debt collection letter used by Sentry to attempt to collect alleged debts.

24. Schmitz used this credit card only for personal, family or household purposes, namely, purchases of household goods and services. Schmitz did not open or use the credit card account for any business purpose.

25. The credit card account identified in Exhibit A was in default, closed, and upon information and belief, charged off by Comenity before Comenity sold the account to Midland. Upon information and belief, Comenity sells only defaulted and charged off credit card accounts to debt buyers such as Midland.

26. Exhibit A states the following:

```
Principal: $1,141.28
 Interest: $0.00
 Other Costs: $0.00
Total Balance: $1,141.28
```

### FDCPA and WCA Violations

27. Exhibit A is confusing and misleading to the unsophisticated consumer.

28. Exhibit A threatens to collect "Interest" and "Other Costs."

29. Although the amounts of each in Exhibit A is $0.00, the letter implies that there could be interest or costs added to the debt in a future letter. *Tylke v. Diversified Adjustment Serv.*, No. 14-cv-748; 2014 U.S. Dist. LEXIS 153281, *7 (E.D. Wis. Oct. 28, 2014) ("the inclusion of a collection fee, even one showing a balance of zero, could imply the future possibility of one.").

30. Upon information and belief, neither Midland nor Sentry actually add interest and costs to consumer collection accounts.

4

Case 2:17-cv-00647-DEJ    Filed 05/05/17    Page 4 of 11    Document 1

31. Furthermore, there is no explanation in the letter as to what the "Other Costs" are or would be.

32. The unsophisticated consumer interprets references to "costs" in collection letters, even when the amount is $0.00, as representations that the debt collector has a right to add charges to the alleged debt, and that charges will be sought in future letters.

33. Schmitz was confused by the nebulous reference on Sentry's letter to "Other Costs" and has no idea what those charges are, potentially could be, or whether they are legitimate.

34. The unsophisticated consumer would be confused by the nebulous reference on Sentry's letter to "Other Costs" and would have no idea what those charges are, potentially could be, or whether they are legitimate.

35. Further, Sentry could not add any "other costs," such as collection fees to Schmitz's account.

36. Any purchases made with a personal credit card account were "consumer credit transactions" under the WCA, Wis. Stat. §§ 421-427.

37. Wis. Stat. § 421.301(10) defines a "consumer credit transaction":

> a consumer transaction between a merchant and a customer in which real or personal property, services or money is acquired on credit and the customer's obligation is payable in installments or for which credit a finance charge is or may be imposed, whether such transaction is pursuant to an open-end credit plan or is a transaction involving other than open-end credit. The term includes consumer credit sales, consumer loans, consumer leases and transactions pursuant to open-end credit plans.

38. Credit card transactions are, by definition, "transactions pursuant to open-end credit plans." Wis. Stat. § 421.301(27)(a).

39. The WCA specifically prohibits the attachment of collection fees and other "default charges" on consumer credit transactions, even if the fee is separately negotiated. Wis. Stat. § 422.413(1) provides:

> no term of a writing evidencing a consumer credit transaction may provide for any charges as a result of default by the customer other than reasonable expenses incurred in the disposition of collateral and such other charges as are specifically authorized by chs. 421 to 427.

See also *Patzka v. Viterbo College*, 917 F. Supp. 654, 659 (W.D. Wis. 1996).

40. Neither Wis. Stat. § 422.202, entitled "Additional charges," nor any other section of the WCA, lists collection fees as a permissible fee a creditor may charge in connection with a consumer credit transaction.

41. Because credit card transactions are consumer credit transactions, Exhibit A, with its nebulous statement about "other costs," falsely states or implies that Sentry has a right to add collection fees to the debt.

42. Even if a provision of any agreement between Plaintiffs and the original creditor would purport to permit Sentry to impose a collection fee, the WCA prohibits such fees. Wis. Stat. § 421.106(1) ("Except as otherwise provided in chs. 421 to 427, a customer may not waive or agree to forego rights or benefits under chs. 421 to 427."); See also *Lox v. CDA, Ltd.*, 689 F.3d. 818 (7th Cir. 2012) (false representation that attorney fees would be added when they could not be, violated 1692e).

43. The alleged debt has been accelerated and sold to a debt buyer, Midland. There are no fees that could conceivably be added to Schmitz's alleged debt.

44. Schmitz was confused by Exhibit A.

45. Schmitz had to spend time and money investigating Exhibit A, and the consequences of any potential responses to Exhibit A.

46. Schmitz had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Schmitz on the consequences of Exhibit A.

47. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

48. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive

7

debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

49. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

50. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt.

51. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

52. 15 U.S.C. § 1692f(1) specifically prohibits the "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

53. Wis. Stat. § 427.104(1)(j) states that a debt collector may not: "Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist."

54. Wis. Stat. § 427.104(1)(L) also specifically prohibits a debt collector from "[t]hreaten[ing] action against the customer unless like action is taken in regular course or is intended with respect to the particular debt."

## COUNT I – FDCPA

55. Schmitz incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

56. The references in Sentry's letters to "Interest" and "Other Costs" are false, misleading and confusing.

57. Sentry threatened to add interest and costs to Schmitz's debts when neither Sentry nor Midland are entitled to any fee and do not add interest to accounts such as Schmitz's.

58. Sentry's misrepresentation of the amounts it would attempt to collect is an unfair and/or unconscionable method by which to try and collect an alleged debt.

59. The unsophisticated consumer would be confused by the nebulous references in Sentry's letter to "Other Costs" and would have no idea what those charges are, potentially could be, or whether they would be legitimate.

60. Defendants violated 15 U.S.C. §§ 1692e, 1692e(10), 1692f and 1692f(1).

## COUNT II -- WCA

61. Schmitz incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

62. Exhibit A threatens to collect interest, even though neither Sentry nor Midland add interest to accounts such as Schmitz's.

63. Defendants violated Wis. Stat. §§ 427.104(1)(j) and 427.104(1)(L).

## CLASS ALLEGATIONS

64. Schmitz brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A to the complaint in this action, (c) seeking to collect a debt for personal, family or household purposes, (d) between May 5, 2016 and May 5, 2017, inclusive, (e) that was not returned by the postal service.

65. The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

66. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members.

The predominant common question is whether the Defendant complied with 15 U.S.C. §§ 1692e and 1692f and Wis. Stat. §§ 427.104(1)(j) and 427.104(1)(L).

67. Schmitz's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

68. Schmitz will fairly and adequately represent the interests of the Class members. Schmitz has retained counsel experienced in consumer credit and debt collection abuse cases.

69. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

70. Schmitz hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and the Class and against Defendants for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: May 5, 2017

**ADEMI & O'REILLY, LLP**

By: /S/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110

10

(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com